**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WESTERN NATIONAL INSURANCE GROUP, et al,

    Plaintiffs,

v.

CARRIE M. HANLON, ESQ., et al,

    Defendants.

Case No. 2:17-cv-0825-JCM-CWH

**ORDER**

Presently before the Court is Defendant Carrie M. Hanlon's motion to stay (ECF No. 9), filed on April 14, 2017. Plaintiff Western National Insurance Group (WNI) filed a response (ECF No. 12) on April 28, 2017, and Hanlon filed a reply (ECF No. 14) on May 5, 2017.

WNI brings this suit against Hanlon and the law firm of Morris, Sullivan, Lemkul and Pitegoff, who are WNI's former counsel, for malpractice stemming from a case in Nevada state court. In that case, Hanlon allegedly failed to timely respond to a request for admissions. Mot. at 3 (ECF No. 9). The Nevada Court deemed the requested information admitted, and subsequently granted a motion for partial summary judgment against WNI. *Id.* WNI subsequently acquired new counsel and settled the case for $1.5 million. *Id.* Hanlon filed an appeal, as an intervening party, of the Nevada Court's decision. *Id* at 3-4. WNI then brought the instant case in federal court, alleging, *inter allia,* that Hanlon's malpractice led WNI to settle the case for $1.5 million. Resp. at 6 (ECF No. 12).

Hanlon now requests a stay of all proceedings pending the outcome of her appeal to the Nevada Supreme Court, arguing that WNI's malpractice claims should not go forward until the appeal in the underlying case has become final. WNI opposes the stay, arguing that its cause of action is ripe, and that the appeal has no bearing on its damages.

As Hanlon notes, it is within a Court's discretion to enter a stay "pending resolution of independent proceedings which bear upon the case." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir.

2000) (internal quotation marks and citations omitted). When determining whether to grant a stay, courts should seek to "balance the length of the stay against the strength of the justification for it." *Id.* at 1119.

Here, in support of the motion to stay, Hanlon argues that, under Nevada state law, a claim for malpractice cannot be brought until the underlying case that gave rise to the malpractice claim has been resolved in its entirety. In support of this standard, Defendants rely on Nevada Supreme Court's decision in *Semenza v. Nevada Med. Liab. Ins. Co.*, 104 Nev. 666 (1988), which holds that "it is only after the underlying case has been affirmed on appeal that it is appropriate to assert injury and maintain a legal malpractice cause of action for damages. . . . where damage has not been sustained or where it is too early to know whether damage has been sustained, a legal malpractice action is premature and should be dismissed." *Id.* at 668.

However, based on the explicit rationale for this holding, a malpractice claim would not be premature in all cases in which an appeal is pending. The *Semenza* Court's decision was predicated on the principle that a malpractice claim "does not accrue until the plaintiff knows, or should know, all facts relevant to the foregoing elements and damage has been sustained. More specifically, where damage has not been sustained or where it is too early to know whether damage has been sustained, a legal malpractice action is premature and should be dismissed." *Id.* The situation contemplated by the *Semenza* Court involved damages which were awarded subsequent to a judgment of liability, and so would have been erased if the plaintiff alleging malpractice had won on appeal. In contrast, when damages are result of a voluntary dismissal and settlement, any damages from malpractice are already fixed and cannot be mitigated by appeal. Therefore, under the rationale articulated by the *Semenza* court, such a malpractice action would not be premature because of a pending appeal.

Here, unlike in *Semenza*, WNI's alleged damages had already accrued when the malpractice claim was brought. WNI alleges Hanlon caused the $1.5 million dollar settlement, which is not subject to the pending appeal, and has already been paid to the plaintiff of underlying case. Even if Hanlon's appeal as an intervening party is successful, there is no indication that the settlement will be unwound, as neither party to the settlement has raised any objection. Thus, regardless of the

outcome of the pending appeal, WNI's alleged damages are fixed at the amount of the settlement. Their malpractice claim is therefore ripe for adjudication.

Defendants will certainly question what extent, if any, they are responsible for the alleged damages. While the Nevada Supreme Court's decision may provide assistance in answering those questions, Hanlon's appeal has been pending for only two months, and there is no suggestion that a decision is imminent. The Court therefore finds that the potential length of Hanlon's proposed stay is significant, and the benefits to the parties uncertain. In contrast, moving forward allows the parties and the Court to begin determination of the merits of this case immediately. The Court does not find good cause for a stay of the case at this point.

IT IS THEREFORE ORDERED that Defendants' motion to stay (ECF No. 9) is DENIED.

DATED: May 30, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge