UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WESTERN NATIONAL INSURANCE GROUP,<br><br>Plaintiff(s),<br><br>v.<br><br>CARRIE M. HANLON, ESQ., et al.,<br><br>Defendant(s). | Case No. 2:17-CV-825 JCM (CWH)<br><br>ORDER |

Presently before the court is defendants Carrie Hanlon and Morris, Sullivan, Lemkul & Pitegoff's motion to reconsider. (ECF No. 17). Plaintiff filed a response (ECF No. 19), to which defendants replied (ECF No. 25).

Also before the court is defendants' motion to dismiss. (ECF No. 8). Plaintiff Western National Insurance Group filed a response (ECF No. 11), to which defendants replied (ECF No. 13).

Also before the court is defendants' motion for leave to file supplemental brief. (ECF No. 27). Plaintiff filed a response (ECF No. 30), to which defendants replied (ECF No. 32).

**I.    Background**

The present legal malpractice dispute arises out of a slip-and-fall action litigated in state court.[1] On January 2, 2013, non-party Tammy Herbster allegedly slipped and fell on the sidewalk of Desert Linn Spanish Gardens ("Desert Linn") at 348 Sunward Drive in Henderson, Nevada.

---

[1] The following provides a summary of defendants' representation of Classic Landscapes with a focus on the effect of the unanswered request for admissions on the case (which plaintiff argues predicates liability for malpractice). For a more thorough description of defendants' representation during the state proceedings, *see* (ECF No. 1) (plaintiff's complaint).

**James C. Mahan**
**U.S. District Judge**

(ECF No. 1). Desert Linn had a landscape maintenance agreement with Classic Landscapes, LLC. *Id.* Classic Landscapes was insured by Western National Mutual Insurance company. *Id.*

Herbster filed a complaint against Desert Linn in state court. *Id.* Desert Linn filed a third-party complaint against Classic Landscapes. *Id.* Thereafter, Western National contacted defendants Carrie Hanlon and Morris, Sullivan, Lemkul & Pitegoff ("MSLP") regarding representing Classic Landscapes in the dispute. *Id.* Defendants accepted the representation, and served as counsel in the state matter. *Id.*

On November 10, 2015, Herbster's counsel served an offer of judgment on Classic Landscapes valued at $1 million. *Id.* On November 20, 2015, Herbster's counsel served Classic Landscapes with written discovery including interrogatories, requests to produce, and requests for admission. *Id.* Responses to the request for admissions were due before December 20, 2015. *Id.* However, defendants did not timely respond to plaintiff's request for admissions.[2] *Id.*

On January 5, 2016, Herbster's attorney filed a motion for summary judgment based on the unanswered requests for admissions, which counsel argued were deemed admitted under Nevada Rule of Civil Procedure 26. *Id.* On January 6, 2016, defendants prepared and served responses to the requests. *Id.* According to plaintiff, "[d]efendants denied key requests which, if admitted, could lead to a finding of liability." *Id.* Defendants did not inform Western National or Classic Landscapes of their failure to meet the deadline or any potential consequences thereof, and "never sought judicial relief from the failure to timely answer discovery." *Id.*

Plaintiff further alleges that during this period of time defendants committed numerous acts that could support a legal malpractice claim: defendants failed to properly apprise plaintiff or Classic Landscapes of the status of the case; defendants failed to provide either party with a liability analysis to help the parties understand the potential exposure to liability and whether to agree to any of the settlement offers provided by Herbster's attorney, and defendants did not inform plaintiff or Classic Landscapes of requests to engage in mediation from Herbster's attorney. *Id.*

---

[2] Further, "defendants never finished and/or served answers to Ms. Herbster's Request for Production of Documents." (ECF No. 1).

On January 13, 2016, Herbster's counsel withdrew the motion for summary judgment without prejudice to re-file. *Id.* Thereafter, the parties proceeded with limited discovery. *Id.* During this time, defendant Hanlon ended her employment with MSLP. *Id.* Hanlon advised plaintiff that "[w]hile the file stayed with the law firm, [she] would take the case with her once she found a new firm with which to practice." *Id.* On March 24, 2016, MSLP moved to withdraw from the case. *Id.* On April 5, 2016, defendant Hanlon emailed plaintiff, stating that she had begun working again and would serve as plaintiff's counsel. *Id.* On April 11, 2016, Hanlon informed plaintiff that Hanlon could no longer work on the case. *Id.* An unspecified law firm took over the case. *Id.*

On April 11, 2016, Herbster's counsel re-filed a motion for summary judgment based on the deemed request for admissions. *Id.* On May 17, 2016, the state court granted Herbster's motion for summary judgment based on the deemed admissions. *Id.* Western National and Classic Landscapes' substituted counsel filed a motion for reconsideration, which the court denied. *Id.* After the parties received another time limit demand from Herbster's counsel, plaintiff and Classic Landscapes decided to settle the case for $1.5 million. *Id.*

On March 21, 2017, plaintiff filed a complaint in this court. *Id.* Plaintiff asserts three causes of action: (1) breach of fiduciary duty; (2) breach of contract; (3) legal malpractice. *Id.*

On April 14, 2017, defendants filed a motion to stay the case. (ECF No. 9). Defendants asserted that they were appealing the state district court's grant of summary judgment to the Nevada Supreme Court. *Id.* Defendants argued that the instant federal case should be stayed pending the outcome of the state litigation, as a claim for legal malpractice is not ripe if an appeal is pending in the underlying case. *Id.*

On May 30, 2017, Magistrate Judge Hoffman denied the motion to stay. (ECF No. 15). The court held that a malpractice claim is not always premature in cases where an appeal is pending in the underlying case, and focused on the importance of whether the appeal would negate the damages award in the case. *Id.* The court held that because a settlement has already been reached in this case and the appeal will not affect the settlement, "WNI's alleged damages are fixed at the amount of the settlement. Their malpractice claim is therefore ripe for adjudication." *Id.*

James C. Mahan
U.S. District Judge

- 3 -

## II. Legal Standard

### a. Motion to reconsider

A district judge may affirm, reverse, or modify, in whole or in part, a magistrate judge's order, as well as remand with instructions. LR IB 3-1(b).

Magistrate judges are authorized to resolve pretrial matters subject to the district judge's review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. *See, e.g.*, *Grimes v. Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

A magistrate judge's finding is "clearly erroneous" if the district judge has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

"An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 2017 WL 77415, at *3, --- F. Supp. 3d ----, ---- (D. Nev. Jan. 9, 2017) (quotation omitted); *see also Grimes*, 951 F.2d at 241 (finding that under the contrary to law standard, the district judge reviews the magistrate judge's legal conclusions *de novo*).

### b. Motion to dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed

factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

. . .

. . .

### III. Discussion

*a. Motion to reconsider*

Defendants' motion to reconsider asks this court to revisit Magistrate Judge Hoffman's order denying defendants' motion to stay the case. (ECF No. 17). Defendants argue that Magistrate Judge Hoffman's order improperly focused on the effect (or lack thereof) that the pending appeal to the Nevada Supreme Court could have on the damages element of plaintiff's claim and did not adequately consider the potential effect on the causation element of plaintiff's claim. *Id.* Defendants assert that a favorable ruling from the Nevada Supreme Court would negate the causation element of plaintiff's claim, and the court should thus grant a stay of proceedings in this case pending a ruling on appeal in the state case. *Id.*

Plaintiff responds that a stay in this case is not appropriate because plaintiff's malpractice action has already accrued and defendants have not provided a valid basis for the court to grant a stay. (ECF No. 19). Plaintiff asserts that a malpractice action accrues when the client sustains an injury resulting in damages. *Id.* Plaintiff asserts that defendants' alleged malpractice in the state proceedings forced plaintiff to settle the case, and "[o]nce [defendant was] terminated [from representation] and the underlying case had settled, the event of damages was complete and the cause of action had accrued." *Id.* Plaintiff argues that defendants motion does not establish that irreparable harm would occur to defendants absent the grant of a stay. *Id.*

Important to both the parties' briefings and the magistrate judge order in this case was discussion of *Semenza v. Nevada Medical Liability Ins. Co.*, 104 Nev. 666 (1988). In *Semenza*, the appellee brought a legal malpractice claim against appellant while the underlying litigation was on appeal to the Nevada Supreme Court. *Id.* at 667. The trial court ruled in favor of appellee-plaintiff, and appellant-defendant appealed. *Id.* The court in *Semenza* held,

> [A] legal malpractice action does not accrue until the plaintiff's damages are certain and not contingent upon the outcome of an appeal. Specifically, where there has been no final adjudication of the client's case in which the malpractice allegedly occurred, the element of injury or damage remains speculative and remote, thereby making premature the cause of action for professional negligence. Moreover, apparent damage may vanish with successful prosecution of an appeal and ultimate vindication of an attorney's conduct by an appellate court. Therefore, it is only after the underlying case has been affirmed on appeal that it is appropriate to assert injury and maintain a legal malpractice cause of action for damages.

James C. Mahan
U.S. District Judge

- 6 -

*Id.* at 668 (internal citations and quotations omitted).

Here, Magistrate Judge Hoffman's order denying defendants' motion to stay was not clearly erroneous or contrary to law. The order correctly notes that the holding in *Semenza* was rooted in the concept that legal malpractice damages are not certain to accrue if a pending appeal in the underlying case could negate a finding of damages against the lawyer's client.[3] Here, the pending state court appeal will not disturb the settlement agreement. Therefore, the holding in *Semenza* does not mandate the court dismiss or stay the current action.

Magistrate Judge Hoffman's order further notes that the decision to grant a stay is discretionary, and requires a balancing of competing factors,

> While the Nevada Supreme Court's decision may provide assistance in [determining the issues of causation and damages, defendant's] appeal has been pending for only two months, and there is no suggestion that a decision is imminent. The court therefore finds the potential length of [defendant's] proposed stay is significant, and the benefits to the parties uncertain. In contrast, moving forward allows the parties and the court to begin determinations of the merits of this case immediately.

(ECF No. 15). The court agrees with Magistrate Judge Hoffman's analysis. As Magistrate Judge Hoffman's order was neither clearly erroneous or contrary to law, the court will not disturb the order on reconsideration. *See Grimes*, 951 F.2d at 240.

    b. *Motion to dismiss*

---

[3] Defendants assert that *Semenza* must be read to render all legal malpractice claims premature when brought while an appeal in the underlying case is outstanding. In *Semenza*, the court stated,

> [T]his court will not countenance interlocutory-type actions for legal malpractice brought to trial while an appeal of the underlying case is still pending. If an appeal is taken in the underlying case, it is simply premature to proceed to trial on a legal malpractice claim until the appeal of the original judgment on the underlying cause of action has been finally resolved.

104 Nev. at 668. However, this language must be read in the context of the case. The prior paragraph clarifies that the holding is based on the presumption that an appeal could negate a finding of damages. *See id.* ("From the above, it follows that a legal malpractice action does not accrue until the plaintiff's damages are certain and not contingent upon the outcome of an appeal.")

James C. Mahan
U.S. District Judge

- 7 -

The parties' positions related to defendants' motion to dismiss are predicated on the same arguments as proffered on defendants' motion to stay. Defendants argue that, per *Semenza* and relevant federal precedent, dismissal without prejudice is appropriate because a cause of action cannot accrue for legal malpractice while an appeal is pending in the underlying case. Plaintiff asserts that because the parties settled the underlying case and the appeal will not impact the settlement, it can currently maintain a cause of action for legal malpractice against defendants.

A court should dismiss a matter as not ripe "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 662 (9th Cir. 2002).

This court applied the holding in *Scott* to dismiss a federal claim as not ripe in *Branch Banking and Trust Company v. Nevada Title Company*, case no. 2:10-cv-01970-JCM-RJJ, 2011 WL 1399810 (D. Nev. Apr. 13, 2011). In *Branch Banking*, the plaintiff sued defendant for, amongst other claims, breach of the covenant of good faith and fair dealing and bad faith denial of an insurance claim. *Id.* at *2. The claims resulted from an adverse state court judgment holding that plaintiff's trust deed was junior to a third party's trust deed. *Id.* at *1-2. This court dismissed plaintiff's claims for breach of the covenant of good faith and fair dealing and bad faith as not ripe, as an appeal in the state court case was outstanding and could render plaintiff's claims moot. *Id.* at *4 ("if the appeal is successful, plaintiff's claim regarding the issuance of the policy will be moot."); *see also id.* at *4 ("the claim for bad faith would become ripe only in the event that [defendant] denied the insurance claim *after* the appeal.") (emphasis in original).

Here, plaintiff's claim for legal malpractice is ripe. As the court noted in the prior discussion related to defendants' motion to stay, the holding in *Semenza* does not apply to the instant proceedings. Further, unlike *Branch Banking*, the current litigation is not dependent upon the outcome in the underlying state appeal. *Cf.* 2011 WL 1399810, *at 4. Even if the Nevada Supreme Court holds that summary judgment in that case was improperly granted, plaintiff's complaint offers additional facts to support its claim for legal malpractice. Therefore, plaintiff's cause of action is not premature, and the court will deny defendants' motion to dismiss.

. . .

**James C. Mahan**
**U.S. District Judge**

    *c. Motion for leave to file supplemental briefing*

Defendants filed a motion for leave to file supplemental briefing. (ECF No. 27). In the underlying state court case, Classic Landscapes previously filed a motion to dismiss the appeal. *Id.* On September 17, 2017, the Nevada Supreme Court denied Classic Landscapes' motion. *Id.* Defendants argue that they should be permitted to submit a supplemental brief that incorporates the Nevada Supreme Court's order. *Id.*

Plaintiff's response to defendants' motion argues, amongst other points, that the issues raised on appeal do not impact the ripeness of the instant legal malpractice action. (ECF No. 30). The court agrees. As the status of the state court appeal does not impact the court's analysis regarding the ripeness of plaintiff's causes of action in this court, the court will deny defendants' motion for leave to file supplemental briefing.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to reconsider (ECF No. 17) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 8) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion for leave to file supplemental briefing (ECF No. 27) be, and the same hereby is, DENIED.

DATED December 27, 2017.

                                                                          UNITED STATES DISTRICT JUDGE