1  Dylan P. Todd
   Nevada Bar No. 10456
2  Daniel I. Aquino
   Nevada Bar No. 12682
3  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
4  8337 West Sunset Road, Suite 350
   Las Vegas, Nevada 89113
5  Telephone:    (702) 949-1100
   Facsimile:    (702) 949-1101
6  dylan.todd@mccormickbarstow.com
   Attorneys for Carrie M. Hanlon, Esq. and Morris,
7  Sullivan, Lemkul & Pitegoff

8                 **UNITED STATES DISTRICT COURT**

9                      **DISTRICT OF NEVADA**

10                            \*\*\*\*

11  WESTERN NATIONAL INSURANCE         Case No. 2:17-CV-00825-JCM-CWH
    GROUP,
12
              Plaintiff,
13
       v.
14
    CARRIE M. HANLON, ESQ., and MORRIS,   **STIPULATION AND ORDER TO**
15  SULLIVAN, LEMKUL & PITEGOFF, and     **EXTEND ALL DISCOVERY DEADLINES**
    DOES 1 through 10 and ROE
16  CORPORATIONS I-X,                     **(Second Request)**

17            Defendants.

18

19       Defendants CARRIE M. HANLON, ESQ. and MORRIS, SULLIVAN, LEMKUL &

20  PITEGOFF, by and through their attorneys of record of the law firm McCORMICK, BARSTOW,

21  SHEPPARD, WAYTE & CARRUTH LLP, and Plaintiff WESTERN NATIONAL INSURANCE

22  GROUP, by and through attorneys of record of the law firm OLSON, CANNON, GORMLEY,

23  ANGULO, & STOBERSKI, hereby file this Stipulation and Order to Extend All Discovery Deadlines

24  (Second Request) for 90 days.

25  **I.    DISCOVERY COMPLETED BY THE PARTIES**

26       In July 2017, the parties served their FRCP 26(A) Initial Disclosures.  The initial disclosures

27  contained numerous documents with voluminous page counts.  Due to the amount of relevant

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Rd, Suite 350
Las Vegas, NV 89113

STIPULATION AND ORDER TO EXTEND TIME

2:17-CV-00825-JCM-CWH

documents generated by the underlying case, Plaintiff's initial production alone totaled approximately 2,967 pages.

Plaintiff has propounded Interrogatories, Requests for Production of Documents, and Requests for Admissions on all Defendants. Responses were originally due on September 8, 2017. Due to the volume of the requests (there were nearly 75 Requests for Admission propounded on each Defendant) and an ongoing issue as to the amount of privileged material, more time was needed to adequately respond. Responses to this discovery were provided on October 10, 2017.

Defendants propounded written discovery in the form of Interrogatories, Requests for Production and Requests for Admission to Plaintiffs on October 11, 2017. This written discovery was propounded following receipt and review of the extensive initial document disclosures by Plaintiff. Plaintiff's counsel's previously discussed medical procedures and family commitments required him to be unavailable and out of the office for all of November, 2017. Defendants granted additional time to respond to the written discovery, and received the written responses on December 8, 2017. Plaintiff also served its First Supplemental FRCP 26 Disclosure on December 5, 2017.

Defendants served subpoenas and custodian of records deposition notices for the law firms of Phillips, Spallas & Angstadt (PSA) and the Law Offices of Cory Hilton. PSA law firm did not respond to the subpoena, and a notice of non-appearance of the custodian of records was taken on September 13, 2017. Defendants did receive documents per the subpoena later that day. There are still some lingering issues regarding certain objections to the subpoena. It is possible that this matter may need to come before the Court in a motion to compel, however in the interest of economy, Defendants have agreed to hold off on this particular matter until documents from Cory Hilton have been produced.

Defendants have granted Cory Hilton several extensions to provide his firm's correspondence file relating to the *Herbster v. Classic Landscapes* litigation in the Eighth Judicial District Court. However, it has become apparent that despite continued concessions from Defendants, Cory Hilton will not cooperate in producing his correspondence file. Defendants scheduled another Custodian of Records Deposition for Mr. Hilton's law firm on December 13, 2017. On December 12, 2017, Defendants spoke with Breen Arntz of the Law Offices of Cory Hilton, who stated that he would be

the one to coordinate the document production. An agreement was reached to vacate the December 13, 2017 deposition in order to allow Mr. Arntz to handle the production. Pursuant to the agreement, Mr. Arntz was to have produced the correspondence file (including all email discussions and text messages between Mr. Arntz and the PSA Law Firm) by December 20, 2017.

The aforementioned documents were not produced by this date. Instead, the Law Offices of Cory Hilton produced an invoice of more than $3,000 for the copying of their file. This matter has become unresolvable between the parties on their own. As such, Defendants will be filing a motion with the Court to obtain an order compelling the correspondence file of the Law Offices of Cory Hilton. This correspondence file relates specifically to facts surrounding key issues of the case, as well as Defendants' affirmative defenses.

## II.   DISCOVERY WHICH REMAINS TO BE COMPLETED

All depositions remain to be conducted, including the identification of all applicable Rule 30(b)(6) and representative witnesses. The parties agreed that depositions would be more efficient if taken following the review and analysis of the parties extensive production of documents and discovery responses. Defendants also believe that the correspondence file of the Cory Hilton law firm is also necessary in order to have productive depositions of Plaintiff's representatives.

The parties have identified approximately six to nine party representatives that will need to deposed, in addition to outside witnesses from the underlying litigation. This includes Tammy Herbster's treating physicians and representatives of Classic Landscapes. The parties anticipate a total of fifteen (15) witnesses for deposition.

Expert discovery will also need to be completed. In particular, some or all of Plaintiff's representatives do not reside in Nevada, thus coordinating schedules for insurance adjusters and claims managers who have a significant caseload in various jurisdictions to appear for deposition in Las Vegas requires additional time.

/ / /
/ / /
/ / /
/ / /

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

3                                              2:17-CV-00825-JCM-CWH
STIPULATION AND ORDER TO EXTEND TIME

## III.    REASONS WHY SUCH REMAINING DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMIT OF THE EXISTING DISCOVERY DEADLINE

The parties request an additional 90 days of discovery for the following reasons. First, the depositions of Plaintiff's representatives have taken significant time to coordinate due to the holiday season, and the representatives' considerable workload in other jurisdictions. These representatives do not reside or work in Las Vegas, and will be coming from outside the state to have their depositions taken. The parties are in the process of coordinating dates for these depositions, however due to the scheduling issues (as well as other factors outlined below) it is not anticipated that these depositions will take place until sometime near the end of February 2018.

Second, the parties agree that in order to be efficient and effective with regards to expert discovery, the above depositions should be taken before initial expert disclosures are produced. The deposition testimony of the parties and their representatives is a crucial aspect of the their initial opinions. The reason these depositions have not taken place to date have been a result the parties' diligent efforts to obtain documents and responses to written discovery. Plaintiff's counsel, in particular, has made extraordinary efforts to provide supplemental productions and documents despite his medical procedures, which were previously outlined in the First Request for Discovery Extension.

Third, counsel for Defendants is currently caring for his wife who is eight months into a high risk pregnancy. Dylan Todd, Esq., lead and trial counsel for Defendants, has been out of the office much of December tending to his wife who has been placed on mandatory bed rest. She is expected to deliver on February 2, 2018, yet there have been several complications that have put the delivery date into question. Mr. Todd anticipates being out of the office for two weeks following the birth of their child. As such, the parties are coordinating a deposition schedule that will allow Defendants' trial counsel to be present for his clients' depositions and take Plaintiff's representatives' depositions.

Lastly, the parties are currently exploring the possibility of alternative dispute resolution in the form of private mediation. The parties agree that some of the above discovery will be necessary in order for the parties to have a productive mediation. Counsel for the parties are coordinating with their clients and are anticipating to be presenting possible mediators for consideration after the new year. The parties would like to conserve potential expert fees and costs before mediation, and to the

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

4

2:17-CV-00825-JCM-CWH

STIPULATION AND ORDER TO EXTEND TIME

extent that a mediation does not result in settlement the parties would like time to facilitate their initial expert disclosures.

## IV.  PROPOSED SCHEDULE FOR COMPLETION OF ALL REMAINING DISCOVERY

B.  ESTIMATE OF TIME REQUIRED FOR DISCOVERY:  Pursuant to Local Rule 26-1(e)(1), and with the Court's approval, discovery in this action shall be completed on or before **June 27, 2018**.

C.  FED R. CIV. P. 26(a)(2) DISCLOSURES (EXPERTS):  Unless otherwise stated herein, and the Court so orders, disclosures identifying experts shall be made sixty (60) days prior to the close of discovery, but not later than **April 25, 2018** and disclosures respecting rebuttal experts shall be made thirty (30) days after the initial disclosure of experts, but not later than **May 25, 2018**.

D.  DISPOSITIVE MOTIONS:  Unless otherwise stated herein, and the Court so orders, the date for filing dispositive motions shall be thirty (30) days after the discovery cut-off date, but not later than **July 25, 2018**.

E.  PRETRIAL ORDER:  Unless otherwise stated herein, and the Court so orders, the joint pretrial order shall be filed thirty (30) days after the date set for filing dispositive motions, but not later than **August 29, 2018**.  In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions, or upon further order of the Court.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

5

2:17-CV-00825-JCM-CWH

**STIPULATION AND ORDER TO EXTEND TIME**

1    F.    FED. R. CIV. P. 26(a)(3) DISCLOSURES:  Unless otherwise stated herein, and the

2    Court so orders, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall

3    be included in the pretrial order.

4         DATED this 26ᵗʰ day of December, 2017

5                                        McCORMICK, BARSTOW, SHEPPARD,
                                         WAYTE & CARRUTH LLP
6

7

8                              By    /s/ Dylan P. Todd
                                     Dylan P. Todd
9                                    Nevada Bar No. 10456
                                     Daniel I. Aquino
10                                   Nevada Bar No. 12682
                                     8337 West Sunset Road, Suite 350
11                                   Las Vegas, Nevada 89113
                                     Tel. (702) 949-1100
12                                   Attorneys for Carrie M. Hanlon, Esq. and Morris,
                                     Sullivan, Lemkul & Pitegoff
13

14        DATED this 26ᵗʰ day of December, 2017

15                                       OLSON, CANNON, GORMLEY,
                                         ANGULO & STOBERSKI
16

17

18                             By    /s/ Peter M. Angulo
                                     Peter M. Angulo, Esq.
19                                   9950 WEST CHEYENNE AVENUE
                                     LAS VEGAS, NEVADA 89129
20                                   702-384-4012
                                     Attorneys for Western National Insurance Group
21

22        DATED this 27 day of December, 2017.

23

24

25                             By
                                     UNITED STATES MAGISTRATE        JUDGE
26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

6                    2:17-CV-00825-JCM-CWH
STIPULATION AND ORDER TO EXTEND TIME

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of December, 2017, a true and correct copy of **STIPULATION AND ORDER TO EXTEND ALL DISCOVERY DEADLINES (Second Request)** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

**SERVICE LIST**

Peter Angulo
OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
702-384-4012
pangulo@ocgas.com

By   */s/ Tricia Dorner*
     Tricia Dorner, an Employee of
     MCCORMICK,   BARSTOW,   SHEPPARD,
     WAYTE & CARRUTH LLP

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
6337 W. Sunset Rd, Suite 350
Las Vegas, NV 89113

7                                                 2:17-CV-00825-JCM-CWH
**STIPULATION AND ORDER TO EXTEND TIME**