Dylan P. Todd
Nevada Bar No. 10456
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone: (702) 949-1100
Facsimile: (702) 949-1101
*dylan.todd@mccormickbarstow.com*
Attorneys for Carrie M. Hanlon, Esq. and Morris,
Sullivan, Lemkul & Pitegoff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

****

| | |
|---|---|
| WESTERN NATIONAL INSURANCE GROUP,<br><br>Plaintiff,<br><br>v.<br><br>CARRIE M. HANLON, ESQ., and MORRIS, SULLIVAN, LEMKUL & PITEGOFF, and DOES 1 through 10 and ROE CORPORATIONS I-X,<br><br>Defendants. | Case No. 2:17-CV-00825-JCM-CWH<br><br>**STIPULATION AND ORDER TO EXTEND ALL DISCOVERY DEADLINES**<br><br>**(Fourth Request)** |

Defendants CARRIE M. HANLON, ESQ. and MORRIS, SULLIVAN, LEMKUL & PITEGOFF, by and through their attorneys of record of the law firm McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP, and Plaintiff WESTERN NATIONAL INSURANCE GROUP, by and through attorneys of record of the law firm OLSON, CANNON, GORMLEY, ANGULO, & STOBERSKI, hereby file this Stipulation and Order to Extend All Discovery Deadlines (Fourth Request) for 60 days.

**I.   DISCOVERY COMPLETED BY THE PARTIES**

The parties served their FRCP 26(A) Initial Disclosures. The initial disclosures contained numerous documents with voluminous page counts. Due to the amount of relevant documents generated by the underlying case, Plaintiff's initial production alone totaled approximately 2,967

///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

pages. Since that time, significant additional documentation has been provided by Plaintiffs, as well as Defendants.

Plaintiff has propounded Interrogatories, Requests for Production of Documents, and Requests for Admissions on all Defendants. Responses were originally due on September 8, 2017. Due to the volume of the requests (there were nearly 75 Requests for Admission propounded on each Defendant) and an ongoing issue as to the amount of privileged material, more time was needed to adequately respond. Responses to this discovery were provided on October 10, 2017.

Defendants propounded written discovery in the form of Interrogatories, Requests for Production and Requests for Admission to Plaintiffs on October 11, 2017. This written discovery was propounded following receipt and review of the extensive initial document disclosures by Plaintiff. Plaintiff's counsel's previously-discussed medical procedures and family commitments required him to be unavailable and out of the office for all of November, 2017. Defendants granted additional time to respond to the written discovery, and received the written responses on December 8, 2017. Plaintiff also served its First Supplemental FRCP 26 Disclosure on December 5, 2017.

Defendants served subpoenas and custodian of records deposition notices for the law firms of Phillips, Spallas & Angstadt (PSA) and the Law Offices of Cory Hilton. PSA law firm did not respond to the subpoena, and a notice of non-appearance of the custodian of records was taken on September 13, 2017. Defendants did receive documents per the subpoena later that day. There are still some lingering issues regarding certain objections to the subpoena. It is possible that this matter may need to come before the Court in a motion to compel, however in the interest of economy, Defendants have agreed to hold off on this particular matter until documents from Cory Hilton have been produced.

Defendants have granted Cory Hilton several extensions to provide his firm's correspondence file relating to the *Herbster v. Classic Landscapes* litigation in the Eighth Judicial District Court. In our previous stipulation (Dkt. # 34), we explained the issues and difficulties surrounding the production of these documents. After significant deliberation and meet and confer efforts, Morris Sullivan was able to finally obtain the requested documentation. The production included a total of

///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

2                    2:17-CV-00825-JCM-CWH
**STIPULATION AND ORDER TO EXTEND TIME**

23,320 pages of documents that were produced in Defendants Second Supplemental Rule 26 Production on March 27, 2018. There are no further issues regarding Mr. Hilton's file.

The depositions of Plaintiff's witnesses Lorraine Walsh and Maggie Kirschner took place on March 15th and 16th, respectively. The deposition of Plaintiff's witness/representative John Buckley was also scheduled to take place on March 16th, however due to the duration of Ms. Kirschner's deposition, Mr. Buckley was unable to proceed on the date scheduled. The parties agreed to move the deposition to a time more agreeable to everyone's schedule.

## II. DISCOVERY WHICH REMAINS TO BE COMPLETED

The following depositions of the parties remain:

1) Plaintiff- John Buckley
2) Defendants- Carrie Hanlon
3) Defendants- Jeff Pitegoff
4) Defendants- Chris Turtzo

In addition, several non-party witnesses are also needed. These include witnesses from the underlying *Herbster v. Classic Landscape* action, Tammy Herbster's treating physicians and representatives of Classic Landscapes. The parties anticipate a total of fifteen (15) witnesses for deposition. Expert discovery will also need to be completed.

Finally, the Parties understand that their Joint Interim Status Report is currently due on July 27, 2018. The parties have included a new due date for the Joint Interim Status Report consistent with LR 26-3.

## III. REASONS WHY SUCH REMAINING DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMIT OF THE EXISTING DISCOVERY DEADLINE

There reasons there is still outstanding discovery to be completed is that the parties have been working to secure a mediator, and more pertinently, a mediation date. Although the parties had anticipated mediation going forward in June 2018, the mediator that the parties agreed upon became unavailable until December 2018. The parties have since agreed on a new mediator, Floyd A. Hale, Esq. Although a mediation date has not been set, the parties expect to receive Mr. Hale's availability by Tuesday, July 31, 2018. The specific mediation timeline will be based primarily on the mediator's

availability. Due to the complicated nature of this particular litigation, the parties are taking their time to ensure that they locate the most appropriate mediator for this action.

These mediation discussions have also led to the parties' mutual understanding that a majority of the remaining discovery should be put on hold in order to conserve litigation costs with an eye towards settlement. This includes not only the depositions above, but also the expert discovery. Due to the considerable costs involved in expert discovery, the parties would like to reserve those potential costs towards a possible settlement. As such, the parties are seeking an additional 60 days so that mediation efforts may be completed.

### IV. GOOD CAUSE AND EXCUSABLE NEGLECT EXIST TO GRANT REQUESTED EXTENSION

The instant stipulation comes fewer than 21 days before the expiration of the initial expert disclosure deadline. Local Rule 26-4 requires that stipulations coming fewer than 21 days before the expiration of a deadline demonstrate excusable neglect. The parties respectfully submit to the Court that the timing of stipulation was the result of good faith efforts from the parties to narrow down the scope of the litigation and move this matter towards mediation. The parties also contend that this requested extension meets the facts outlined for excusable neglect under *Pioneer Inv. Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 395 (1993).

First, there is no delay or prejudice to any party as this is a joint request based on mutual desire to place this matter into mediation. The parties have been diligently working towards obtaining all necessary information to evaluate the case, and have developed a good working relationship. Second, the delay in requesting this extension comes from the recent difficulties in coordinating lead counsels' respective schedules, locating and coordinating out-of-state depositions, obtaining approval from clients on potential mediation and attempting to locate a viable mediator for this type of complex legal malpractice action. Counsel for the parties have been in discussions regarding this stipulation since March 15th, following the depositions of Plaintiff's representatives. It took several weeks to come to terms on the remaining issues and determine what discovery, if any, needed to be completed before a good faith mediation with potential for case resolution could be had.

///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

4     2:17-CV-00825-JCM-CWH
**STIPULATION AND ORDER TO EXTEND TIME**

The delay was compounded based on the original mediator's scheduling conflicts. The parties had anticipated the mediation occurring in June 2018. Due to the mediator's conflicts, the parties had to begin the process of selecting a mediator again. The parties have reached an agreement with a new mediator and hope to have dates selected shortly after receiving the mediator's availability on July 31, 2018.

Additionally, the Plaintiff's Counsel anticipates proceeding with a lengthy trial throughout much of the month of August. This trial will take up a significant portion of Plaintiff's counsel's time, thus 60 days are necessary to adequately meet all discovery obligations in this case.

Finally, both parties acted in good faith, and continue to act in good faith. The parties hope to mediate this matter as soon as possible. The parties have devoted a significant amount of resources to litigating this matter and will continue to do so until it is resolved. Accordingly, the parties agree that good cause exists to extend the discovery dates by 60 days.

**V.     PROPOSED SCHEDULE FOR COMPLETION OF ALL REMAINING DISCOVERY**

A.     ESTIMATE OF TIME REQUIRED FOR DISCOVERY: Pursuant to Local Rule 26-1(e)(1), and with the Court's approval, discovery in this action shall be completed on or before **November 26, 2018**.

B.     JOINT INTERIM STATUS REPORT: Unless otherwise stated herein, and the Court so orders, the Joint Interim Status Report shall be submitted sixty (60) days prior to the close of discovery, but not later than **September 25, 2018**, in accordance with LR 26-3.

C.     FED R. CIV. P. 26(a)(2) DISCLOSURES (EXPERTS): Unless otherwise stated herein, and the Court so orders, disclosures identifying experts shall be made sixty (60) days prior to the close of discovery, but not later than **September 25, 2018** and disclosures respecting rebuttal experts shall be made thirty (30) days after the initial disclosure of experts, but not later than **October 26, 2018**.

D.     DISPOSITIVE MOTIONS: Unless otherwise stated herein, and the Court so orders, the date for filing dispositive motions shall be thirty (30) days after the discovery cut-off date, but not later than **December 28, 2018**.

///

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Rd, Suite 350
Las Vegas, NV 89113

5     2:17-CV-00825-JCM-CWH
**STIPULATION AND ORDER TO EXTEND TIME**

E.  PRETRIAL ORDER: Unless otherwise stated herein, and the Court so orders, the joint pretrial order shall be filed thirty (30) days after the date set for filing dispositive motions, but not later than **January 28, 2019**. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions, or upon further order of the Court.

F.  FED. R. CIV. P. 26(a)(3) DISCLOSURES: Unless otherwise stated herein, and the Court so orders, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the pretrial order.

DATED this 27th day of July, 2018

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By  */s/ Dylan P. Todd*
Dylan P. Todd, Nevada Bar No. 10456
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Tel. (702) 949-1100
Attorneys for Carrie M. Hanlon, Esq. and Morris, Sullivan, Lemkul & Pitegoff

DATED this 27th day of July, 2018

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI

By  */s/ Peter M. Angulo*
Peter M. Angulo, Esq.
9950 WEST CHEYENNE AVENUE
LAS VEGAS, NEVADA 89129
702-384-4012
Attorneys for Western National Insurance Group

IT IS SO ORDERED.

DATED this 30 day of July, 2018

_____
UNITED STATES MAGISTRATE JUDGE

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2018, a true and correct copy of **STIPULATION AND ORDER TO EXTEND ALL DISCOVERY DEADLINES (Third Request)** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

**SERVICE LIST**

Peter Angulo
OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
702-384-4012
pangulo@ocgas.com

By  /s/ Tricia Dorner
Tricia Dorner, an Employee of
MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

90650-00009 5256801.1

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

7    2:17-CV-00825-JCM-CWH
**STIPULATION AND ORDER TO EXTEND TIME**